IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAKEISHA SHOOTS,       ) | |
|     Plaintiff,         ) | |
| ) | |
| v.                     ) | |
| ) | Civil Action No. 11-00673-KD-M |
| CITY OF MOBILE POLICE DEPT. *et al*., ) | |
|     Defendants.       ) | |

**ORDER**

This matter is before the Court on pro se Plaintiff's "Motion for Summary and Default Judgment and Final Order for the Plaintiff"[1] (Doc. 23) and a Motion to Strike (Doc. 24) filed by Defendants City of Mobile Police Department, Samuel Jones and Michael Williams.

Plaintiff asserts that she provided notice of this litigation to all of the Defendants on October 14, 2012 and "at this time [Defendants Joseph Kennedy, Amelia Brown and Carla Shumock] failed to answer" or move to dismiss and thus requests entry of a default judgment in her favor. (Doc. 23 at 2). While not all of the Defendants have responded to Plaintiff's motion, counsel for Defendants City of Mobile Police Department, Samuel Jones and Michael Williams asserted that Defendants Joseph Kennedy, Amelia Brown and Carla Shumock have not been formally served, adding that counsel will be filing a notice of appearance as well as an answer on their behalf within the next ten (10) days. (Doc. 24). Subsequently, counsel filed a notice of appearance for said defendants. (Doc. 25).

Plaintiff initiated this litigation on November 30, 2011 (Doc. 1), and subsequently

---

[1] While Plaintiff also styled her motion as one for summary judgment, a review of same makes clear that she is seeking only entry of a default judgment at the present time. As such, the Court construes her motion as solely for entry of a default judgment against the Defendants.

1

obtained a waiver of service on Defendant City of Mobile Police Department (sent on April 11, 2012) (Doc. 7).   Said Defendant responded to Plaintiff with an April 20, 2012 letter stating it received notice and requesting that she not take adverse action against it pending an appearance and responsive pleading.   (Doc. 7 at 3).   Defendant City of Mobile Police Department's answer was due no later than June 11, 2012.   (Doc. 7).   On June 21, 2012, Defendant City of Mobile Police Department filed an untimely Answer to the Plaintiff's Complaint (Doc. 9). Nevertheless, on October 3, 2012, Plaintiff filed an Amended Complaint (Doc. 16), and on October 23, 2012, filed a request for waiver of service for Defendants Amelia Brown, Michael Williams, Samuel Jones, Carla Shumock and Joseph Kennedy (Doc. 18) such that answers by these defendants are due to be filed no later than December 22, 2012.   On November 5, 2012, Defendant City of Mobile Police Department filed its Answer (Doc. 20), and on November 9, 2012, Defendants Samuel Jones and Michael Williams filed their Answer (Doc. 21).   To date, only Defendants City of Mobile Police Department, Samuel Jones and Michael Williams have filed Answers to the Complaint (as amended).   There has been no response or answer filed by Defendants Amelia Brown, Carla Shumock or Joseph Kennedy.   However, according to the record, their answers are not due until December 22, 2012.   (Doc. 18).

     Rule 55 sets out a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default. Fed.R.Civ.P. 55(a). Second, *after* entry of the clerk's default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant for not appearing or defending. Fed.R.Civ.P. 55(b)(2). "[B]y its terms, Rule 55 characterizes an entry of default and a default judgment as two distinct events."   <u>Bardfield v. Chisholm Properties Circuit Events, LLC</u>, Slip Copy, 2010 WL 2278461, *6

(N.D. Fla. May 4, 2010) (citing 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)")). "In particular, plaintiff improperly bypasses the necessary precondition of a clerk's entry of default by proceeding directly to a request for the Court to enter a default judgment. The law is clear that these are separate steps that cannot be combined into one." Travelers Cas. and Sur. Co. of America, Inc. v. East Beach Development, LLC, 2007 WL 4097440, *1 (S.D. Ala. Nov. 14, 2007) (denying motion for default judgment pursuant to Rule 55(b) without prejudice to refiling after obtaining clerk's entry of default pursuant to Rule 55(a)).

In this case, Plaintiff has not requested, and the Clerk has not entered, a default pursuant to Rule 55(a). Entry of a default is a *prerequisite* to a default judgment. As such, it is **ORDERED** that Plaintiff's motion for entry of default judgment against Defendants Kennedy, Brown and Shumock (Doc. 23) is **DENIED** such that the Defendants' Motion to Strike (Doc. 24) is **MOOT.** The Court notes further, Plaintiff has not established that these Defendants failed to answer or respond to her Amended Complaint within the time frame allowed.[2] As such, even if Plaintiff had initially moved for entry of default with the Clerk, her motion would still lack merit.

**DONE** and **ORDERED** this the **18th** day of **December 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

2 "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules," it is subject to entry of default. FED.R.CIV.P. 55(a). A defendant is under no obligation to plead or otherwise defend until and unless it is "served with the summons and complaint." Id. Rule 12(a)(1)(A); *accord* Securities and Exchange Commission v. Wright, 261 Fed. Appx. 259, 261 (11th Cir. 2008). Thus, "[b]efore a default can be entered ... the party must have been effectively served with process." 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2682 at 14 (3rd ed.1998).